# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| KEITH TINGLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:18-cv-00513-NT |
| | ) |
| RANDALL LIBERTY, | ) |
| | ) |
| Respondent | ) |

## RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

In this action, Petitioner Keith Tingley seeks relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) The State contends the petition was not filed timely in accordance with 28 U.S.C. § 2244(d), and thus asks the Court to dismiss the petition. (Response, ECF No. 5.)

After a review of the section 2254 petition, the State's request for dismissal, and the record, I recommend the Court grant the State's request and dismiss the petition.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In July 2014, Petitioner was indicted with one count of aggravated drug trafficking. (*State v. Tingley*, Me. Super. Ct., Aro. Cty. No. CARSC-CR-2014-00171, Docket Record at 2, 5.) Petitioner pled guilty to the charge on January 26, 2015. (*Id.* at 4.) In February 2015, the Superior Court sentenced Petitioner to twenty-two years of imprisonment with all but fourteen years suspended, followed by four years of probation, to be served concurrently with other unrelated sentences, a $400 fine, and $4,057 in restitution. (*Id.* at 5.) On March 5, 2015, the Superior Court granted Petitioner's motion to extend the time

to file an appeal. (*Id.* at 7.) Despite the extension of time, Petitioner did not appeal from his sentence or conviction.

On November 23, 2015, Petitioner sought state postconviction relief. (*Tingley v. State*, Me. Super. Ct., Aro. Cty., AROCD-CR-2015-00187, Docket Record at 1.) Petitioner initially argued that: (1) his counsel during the guilty plea was ineffective because counsel allegedly advised against a plea deal with a sentence that would have been more favorable than the sentence Petitioner received after his open plea; (2) the sentencing court sentenced him based on impermissible factors; (3) counsel improperly advised him against an appeal; and (4) counsel had a conflict of interest due to alleged family ties to the prosecuting attorney. (First State Postconviction Petition at 3 – 4.) Petitioner amended his state court petition to assert that: (5) counsel did not adequately investigate the matter before the plea; (6) counsel did not present certain mitigating evidence at sentencing; and (7) appellate counsel was ineffective when counsel did not file an appeal and did not challenge the sentence as excessive. (Amended State Postconviction Petition at 1.) On October 7, 2016, upon agreement of the parties, the state court granted the petition in part by allowing Petitioner to appeal from his sentence and dismissed the remainder of the petition as it was "withdrawn with prejudice." (Docket Record at 2; Postconviction Hearing Transcript at 3 – 5; Order on Postconviction Petition at 1.)

On October 17, 2016, Petitioner filed an application for leave to appeal his sentence to the Sentencing Review Panel of the Supreme Judicial Court. (*Tingley v. State*, Me. L. Ct., SRP-16-512, Docket Record at 2.) The Sentencing Review Panel denied Petitioner's application in December 2016. (*Id.*)

2

Meanwhile, on October 18, 2016, shortly after filing the application to the Sentencing Review Panel, Petitioner filed a pro se motion to arrest judgment. He argued that his postconviction attorney had not explained the sentence review process and that he had been duped into withdrawing his petition with prejudice. (*Tingley v. State*, Me. Super. Ct., Aro. Cty., AROCD-CR-2015-00187, Docket Record at 2; Motion to Arrest Judgment at 1.) In November 2016, the Superior Court denied the motion after construing it as a motion to vacate its earlier order. (Docket Record at 2 – 3; Procedural Order at 1.) In December 2016, Petitioner filed a motion for reconsideration, which the Superior Court denied on March 10, 2017. (Docket Record at 3; Motion for Reconsideration at 1; Order on Motion for Reconsideration at 1.) Petitioner did not pursue a discretionary appeal to the Maine Supreme Judicial Court.

On June 26, 2017, Petitioner filed a second petition for state postconviction review, asserting ineffective assistance of counsel during the previous postconviction proceedings. (*Tingley v. State*, Me. Super. Ct., Aro. Cty., AROCD-CR-2017-00203, Docket Record at 1; Second State Postconviction Petition at 3 – 4.) On October 2, 2018, the Superior Court dismissed the second state petition. (Docket Record at 1; Second Postconviction Decision at 1 – 2.) Petitioner did not seek a discretionary appeal to the Maine Supreme Judicial Court.

In December 2018, Petitioner filed a section 2254 petition with this Court, asserting that: (1) his sentence was in excess of that permitted by state law; (2) trial counsel was ineffective for advising him to accept an open plea over a more favorable plea arrangement; (3) sentencing counsel was ineffective for failing to present mitigating factors; and (4)

3

postconviction counsel was ineffective for allowing his first petition to be dismissed. (Petition at 5 – 8.) The State argued that the petition was not filed timely and that Petitioner had failed to exhaust his state remedies because he did not appeal from either of the state court petitions to the Maine Supreme Judicial Court. (Answer at 4 – 5.) Petitioner responded that he should be allowed to appeal to the Maine Supreme Judicial Court. (Opposition to Motion to Dismiss at 2, ECF No. 9.) This Court stayed the federal habeas proceeding on April 9, 2019 and permitted Petitioner to seek a discretionary appeal with the Maine Supreme Judicial Court. (Order, ECF No. 11.) On May 29, 2019, the Supreme Judicial Court dismissed as untimely Petitioner's application for a discretionary appeal. (*Tingley v. State*, Me. L. Ct., ARO-19-195, Order Dismissing Appeal at 2; ECF Nos. 13-1, 16.)

## DISCUSSION

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Title 28 U.S.C. § 2244(d), which governs the time within which a petitioner must assert a claim under section 2254, provides:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

> States is removed, if the applicant was prevented from such filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Petitioner has not established a government impediment to filing, *id.* § 2244(d)(1)(B), a newly recognized retroactively applicable right, *id.* § 2244(d)(1)(C), or a new factual predicate, *id.* § 2244(d)(1)(D), Petitioner's one-year limitation period for filing the section 2254 petition started when the judgment became final. *See id.* § 2244(d)(1)(A). A conviction is final when the "availability of direct appeal to the state courts and to [the United States Supreme Court] has been exhausted." *Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009) (citations and quotation marks omitted). After the judgment on February 18, 2015 and the extension of time on March 5, 2015, Petitioner had twenty-one days to file a notice of appeal to the Maine Law Court. *See* M.R. App. P. 2B(b)(1)(b). March 26, 2015, therefore, was the deadline for an appeal. Without the appeal, Petitioner's judgment became final on March 27, 2015.

## A. Statutory Tolling

The limitations period for a section 2254 claim is tolled while a post-conviction review or other collateral review is pending. 28 U.S.C. § 2244(d)(2). "[A]n application for state post-conviction relief is pending from the time it is first filed until the time it is finally disposed of and further appellate review is unavailable under the particular state's procedures." *Drew v. MacEachern*, 620 F.3d 16, 21 (1st Cir. 2010) (alterations and quotation marks omitted). The time during which an application is pending includes "the interval between a lower court's entry of judgment and the filing of an appeal with a higher state court." *Id.* at 20. The limitation period "restarts when [the] state court completes postconviction review." *Holland v. Florida*, 560 U.S. 631, 638 (2010). "[T]he filing of a petition for certiorari [seeking review of a state postconviction proceeding] before [the United States Supreme Court] does not toll the statute of limitations under § 2244(d)(2)." *Lawrence v. Florida*, 549 U.S. 327, 337 (2007).

The 365-day limitation period under 28 U.S.C. § 2244(d)(1)(A) thus began to run on March 28, 2015, continued for 241 days before, pursuant to section 2244(d)(2), it was tolled on November 23, 2015, when Petitioner filed his state court post-conviction petition. The limitation period remained tolled through the end of the state postconviction proceedings on March 31, 2017, which occurred twenty-one days after the Superior Court's March 10, 2017 denial of Petitioner's motion to reconsider the Superior Court's order denying his motion to vacate the Superior Court's earlier order dismissing his petition as voluntarily withdrawn with prejudice. The remaining 124 days of the limitations period started to run again on April 1, 2017 and therefore expired on August 2, 2017, unless the

6

period were tolled for Petitioner's second postconviction petition or for equitable reasons.[1]
Petitioner did not sign his federal petition until December 27, 2018, nearly a year and a half after the period would have otherwise expired.

The State argues that Petitioner's second state postconviction petition did not toll the limitations period because Maine law does not permit a second petition challenging the first postconviction process and thus the second petition was not properly filed within the meaning of § 2244(d)(2). There is a distinction, however, between "filing" requirements on the one hand, and the merits of a claim or conditions to obtaining relief on the other. *See Drewry v. Maine*, No. 1:14-CV-00449-JAW, 2015 WL 751789, at *4 n.5 (D. Me. Feb. 23, 2015) (citing *Artuz v. Bennett*, 531 U.S. 4, 11 (2000)).

The United States Supreme Court has explained:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. . . . But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

*Artuz*, 531 U.S. at 8 – 9 (internal citations omitted). Accordingly, the second state court petition was not necessarily improperly filed simply because the Superior Court, after the

---

[1] Petitioner's second postconviction petition did not toll the limitations period because, since Maine law does not allow second petitions challenging the first postconviction process, it was not a properly filed within the meaning of § 2244(d)(2).

7

petition was pending for over a year, ultimately determined that Petitioner's claim was not cognizable on the merits.

The Court, however, need not determine whether the second state court petition for postconviction relief tolled the limitations period. Even if the second petition tolled the limitations period, Petitioner did not commence this action timely. As explained above, the 365-day limitation period began to run on March 28, 2015, continued for 241 days before it was tolled on November 23, 2015, when Petitioner filed his first state court post-conviction petition. The period began to run again on April 1, 2017 (i.e., 21 days after the Superior Court's decision denying his final motion regarding his first petition), and Petitioner filed his second state postconviction petition eighty-seven days later on June 26, 2017. (*Tingley v. State*, Me. Super. Ct., Aro. Cty., AROCD-CR-2017-00203, Docket Record at 1.) As of June 26, 2017, thirty-seven days of the 365-day period remained. If the second petition tolled the limitations period, the period would have started to run again on October 23, 2018, twenty-one days after the Superior Court's October 2, 2018 order dismissing the second petition. (Docket Record at 2; Decision Dismissing Petition at 2.) The limitations period thus would have expired thirty-seven days later, on November 29, 2018, one month before Petitioner signed his federal petition. In sum, regardless of whether Petitioner's second state court petition for postconviction relief tolled the limitations period, Petitioner did not commence this action within the applicable limitations period.

**B.     Equitable Tolling**

"[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland*, 560 U.S. at 645 (internal quotations omitted). "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019).

Petitioner's only assertion that could potentially support an equitable tolling argument concerns the alleged conduct of his post-conviction attorney.[2] Because a petitioner's constitutional right to effective counsel does not extend to postconviction collateral proceedings, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), and because "attorney ignorance or inadvertence" is attributed to the client under "well-settled principles of agency law" unless the client has a constitutional right to effective counsel, *see Coleman v. Thompson*, 501 U.S. 722, 754 (1991), "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling" of the postconviction statute of limitations deadline. *Holland*, 560 U.S. at 651 – 52 (internal quotations and citations omitted). However,

---

[2] Petitioner has also failed to establish an "actual innocence" claim, which can serve as an exception to the statute of limitations in rare cases. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

9

"[c]ommon sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word." *Id.* at 659 (Alito, J. concurring) (cited approvingly in *Maples v. Thomas*, 565 U.S. 266, 283 (2012)). "Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." *Maples*, 565 U.S. at 282.

Petitioner has not established that his postconviction counsel committed the sort of "serious instances of attorney misconduct" or abandonment that could trigger equitable tolling. *See Holland*, 560 U.S. at 652. Petitioner alleged that postconviction counsel "repeatedly wrongfully persuaded him to allow the [state] petition to be dismissed," (Petition at 8), that postconviction counsel "only consulted with him for five minutes, concerning the grounds for his [state] post-conviction [challenge]," and "never fully explained" the difference between a Sentence Review Panel appeal and a direct appeal, (Memorandum in Support of Petition at 3, ECF No. 1-1). The record lacks any evidence that would support a claim that Petitioner's postconviction attorney "abandoned" Petitioner or left Petitioner with the impression that the attorney would pursue a § 2254 petition and then exhibited a "near-total failure to communicate with petitioner" despite Petitioner's persistent efforts to pursue federal habeas relief. *See Holland*, 560 U.S. 631, 659 (Alito, J. concurring).[3] Even if Petitioner could establish that postconviction counsel's performance

---

[3] Although Petitioner at one point alleges that "his attorney abandoned him in every aspect of representation," that assertion did not refer to postconviction counsel, but to his original counsel and the fact that he "did not file a discretionary appeal to the Maine Law Court." (Opposition to Motion to Dismiss at 1.) Even if the performance of counsel at the direct appeal stage could be the basis of equitable tolling given that Petitioner was later assigned postconviction counsel, Petitioner's own allegations refute a claim

was substandard, therefore, such a finding would not warrant the tolling of the statute of limitations.

Because Petitioner filed his petition after the expiration of the limitations period, and because equitable tolling does not apply, Petitioner did not timely file the petition. Accordingly, dismissal of the petition is warranted.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
Dated this 26th day of September, 2019.    U.S. Magistrate Judge

---

of abandonment because he repeatedly challenges his original counsel's advice not to appeal, rather than claiming that Petitioner instructed counsel to appeal, but counsel refused to comply with Petitioner's directive.

11